# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
## Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:08cr259–HEH |
| ) | |
| LAQUISHA BONITA DAVIS, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Laquisha Bonita Davis ("Petitioner") has filed a motion pursuant to 28 U.S.C. § 2255. Petitioner contends that she was denied effective assistance of counsel. Specifically, Petitioner asserts that:

> I had indicated to my attorney John March, that I was innocent of the gun charge that he wanted me to plead guilty too [sic]. I told him I would provide him with the facts supporting my argument but he insisted I should plead guilty. Never at any given time did he inform me that I would be considered a "violent offender." He informed me that if I changed my mind it would not look good. I feel I was misrepresented, mislead [sic], and forced to plead guilty to a crime I did not commit.

(§ 2255 5.) The United States has responded and the matter is ripe for disposition.

### I. Procedural History

On June 3, 2008, Petitioner was indicted on a five-count indictment. Counts One though Three charged Davis with distribution of cocaine base on three separate occasions. Count Four charged Davis with possession with intent to distribute cocaine base. Count Five charged Petitioner with possession of a firearm in furtherance of a drug trafficking crime.

On August 21, 2008, Petitioner entered into a plea agreement with the United States, whereby she pled guilty to Counts Four and Five of the Indictment. As discussed below, Petitioner's sworn declarations in those proceedings refute her current allegations that she was innocent of Count Five, that she was dissatisfied with counsel's performance, and that she was coerced by counsel into pleading guilty.

In conjunction with the Plea Agreement, Petitioner signed a statement of facts, wherein she acknowledged the following:

> [t]he factual allegations contained in this Statement of Facts and in Counts Four and Five of the pending Criminal Indictment are true and correct, and that the United States could have proven them beyond a reasonable doubt.
> 1. On or about August 28, 2007, in the Eastern District of Virginia and within the jurisdiction of this Court, LAQUISHA B. DAVIS did knowingly, intentionally, and unlawfully possess with the intent to distribute a mixture and substance containing detectable amounts of cocaine base, commonly known as "crack," in violation of Title 21, United States Code, Section 841.
> 2. On or about August 28, 2007, in the Eastern District of Virginia and within the jurisdiction of this Court, LAQUISHA B. DAVIS did possess a firearm, to wit: a Hi-Point 9mm semi-automatic pistol, in furtherance of a drug-trafficking crime, for which she may be prosecuted in a court of the United States, to wit: possession with the intent to distribute a controlled substance, in violation of Title 18, United States Code, Section 924(c).
> 3. On August 15, 2007, Officers from the Farmville, Virginia, Police Department utilized a confidential source to purchase .330 grams of cocaine base from Laquisha Davis at her residence in Farmville, Virginia[.]
> 4. On August 17, 2007, Officers from the Farmville, Virginia, Police Department utilized a confidential source to purchase 1.534 grams of cocaine base from Laquisha Davis at her residence in Farmville, Virginia[.]
> 5. On August 28, 2007, Officers from the Farmville, Virginia, Police Department utilized a confidential source to purchase 1.239 grams of cocaine base from Laquisha Davis at her residence in Farmville, Virginia[.]
> 6. Also on August 28, 2007, officers obtained a search warrant for the residence of Laquisha Davis. Officer [sic] recovered 3.801 grams of cocaine

base and a Hi-Point 9mm semi-automatic handgun. Police also recovered $1396.17 in United States currency.

7. DAVIS possessed the crack cocaine with the intent to distribute it and possessed the aforementioned firearm in furtherance of her drug dealing.

(Statement of Facts.) During her plea proceedings, Petitioner acknowledged that the Statement of Facts was accurate. (Plea Hr'g Tr. 17.) Petitioner further acknowledged that she was pleading guilty to Counts Four and Five of the Indictment because she was in fact guilty of those offenses. (Plea Hr'g Tr. 6-7.) Petitioner assured the Court that no one had threatened her or forced her in any way to enter into a guilty plea. (Plea Hr'g Tr. 9.)

Contrary to her current allegations, Petitioner assured the Court that she was thoroughly satisfied with counsel and had told counsel everything about the crimes to which she was pleading guilty:

> THE COURT: Prior to coming to court today, have you had an opportunity to go over this case thoroughly with your attorney?
> MS. DAVIS: Yes.
> THE COURT: Are you entirely satisfied with his services?
> MS. DAVIS: Yes, sir.
> THE COURT: Has he done everything reasonable you've asked him to do in connection with this case?
> MS. DAVIS: Yes, sir.

(Plea Hr'g Tr. 4.)

> THE COURT: Have you also explained to him everything that you remember about the events of August 28, 2007, that led to you being arrested and indicted on these charges?
> MS. DAVIS: Yes.
> THE COURT: Does he know everything about this case that you do?
> MS. DAVIS: Yes.

(Plea Hr'g Tr. 5.)

3

At the conclusion of the Rule 11 proceedings, the Court accepted Petitioner's pleas of guilty to Counts Four and Five of the Indictment. On November 21, 2008, the Court sentenced Petitioner to ninety-seven months of incarceration.

## II. ANALYSIS

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on

going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Of course, in conducting the foregoing inquiry, the representations of the defendant, her lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations and quotation marks omitted). Accordingly, "[i]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Id.* at 221-22. That is the case here.

Petitioner's assertion that she was actually innocent of Count Five and that she only pled guilty to that charge because of counsel's coercion and his refusal to investigate are flatly contradicted by her prior representations during her Rule 11 proceedings. Because Petitioner does not identify any extraordinary circumstances that would permit her to recant those prior representations, her current representation that she is innocent

and was dissatisfied with counsel are palpably incredible and patently false.[1] *Id.* at 221. Petitioner has not identified any credible facts that would permit a finding that counsel acted deficiently. Therefore, Petitioner's claim of ineffective assistance counsel is subject to dismissal because she has failed to demonstrate deficiency on the part of counsel. Additionally, Petitioner has not demonstrated prejudice. Specifically, Petitioner has failed to demonstrate that, but for any alleged deficiency of counsel, she would have pled not guilty and insisted upon going to trial. *See Hill*, 474 U.S. at 59. Rather, she merely asks her case be reevaluated and that she would like the "opportunity to be re-sentenced." (§ 2255 Mot. 14.)

Petitioner's claim of ineffective assistance of counsel will be dismissed. The 28 U.S.C. § 2255 motion and Petitioner's motion for appointment of counsel will be denied. The action will be dismissed. The Court will deny Petitioner a certificate of appealability.[2]

---

[1] For example, such extraordinary circumstances might exist if a petitioner introduced documentary evidence indicating he or she was severely mentally and physically ill at the time of his Rule 11 proceedings. *See Lemaster*, 403 F.3d at 221(citing *Fontaine v. United States*, 411 U.S. 213 (1973)). Petitioner has not identified any extraordinary circumstance that would allow her to cast aside her prior sworn assurances.

[2] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 27 2010
Richmond, Virginia